IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRENCE T. COLER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-3565-N-BD |
| | § | |
| DALLAS COUNTY SHERIFF'S DEPARTMENT, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Terrence T. Coler, an inmate in the Dallas County Jail, against two Dallas police officers, his criminal defense lawyer, a state judge, and a psychiatrist appointed by the court.[1] On December 27, 2011, plaintiff tendered a complaint to the district court and later filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. The court then sent written interrogatories to plaintiff to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories and filed an amended complaint on

---

[1] In various pleadings filed with the court, plaintiff also names the Dallas County Sheriff's Department and Sheriff Lupe Valdez as defendants. However, no substantive allegations are made against either of these putative parties.

January 18, 2012. The court now determines that plaintiff should be allowed to prosecute his false arrest claim against Officer K. Wester and Officer M. Mason. His claims against the other defendants should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

As best the court can decipher his amended complaint and interrogatory answers, plaintiff appears to allege that he was wrongfully arrested by Dallas police officers K. Wester and M. Mason on or about August 5, 2010. (*See* Plf. Am. Compl. at 4, ¶ V; Mag. J. Interrog. #1-3). Plaintiff was charged with criminal trespass and booked into the Dallas County Jail. (*Id.*). While incarcerated on that charge, the presiding judge appointed a psychiatrist, Dr. Pittman, to determine whether plaintiff was mentally competent to stand trial. (*See* Plf. Am. Compl. at 4, ¶ V; Mag. J. Interrog. 1, 3). On March 23, 2011, after Dr. Pittman concluded that plaintiff was not competent, the criminal trespass charge was dismissed.[2] (*See* Mag. J. Interrog. #1). In this lawsuit, plaintiff accuses Officers Wester and Mason of making racial slurs, throwing his property in the trash, and arresting him without probable cause. (*See* Mag. J. Interrog. #2, 3). His claims against the presiding judge, defense counsel, and Dr. Pittman are less clear, but apparently relate to an alleged conspiracy to keep him incarcerated for almost seven months without due process. (*See* Plf. Am. Compl. at 3-4, ¶ V; Mag. J. Interrog. #4, 5).

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (i)    is frivolous or malicious;

---

[2] Plaintiff is currently incarcerated on an unrelated charge.

    (ii)  fails to state a claim on which relief may be granted; or

    (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom., Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

The court initially observes that plaintiff has failed to state a claim for relief against the presiding judge, defense counsel, or Dr. Pittman. Judges have absolute immunity for actions taken within the scope of their jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 1104, 55 L.Ed.2d 331 (1978). Court-appointed lawyers are not "state actors" and cannot be sued under 42 U.S.C. § 1983. *See Featherson v. Knize*, No. 3-06-CV-0729-K, 2006 WL 2215950 at *3 (N.D. Tex. Aug. 2, 2006), *citing Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988). As a psychiatrist appointed by the court to determine whether plaintiff was competent to

stand trial, Dr. Pittman is entitled to quasi-judicial immunity. *Vernon v. Rollins-Threats*, No. 3-04-CV-1482-BF, 2005 WL 3742821 at *4-5 & n.4 (N.D. Tex. Nov. 2, 2005); *see also McArdle v. Tronetti*, 961 F.2d 1083, 1085 (3d Cir. 1992) (holding that section 1983 claim against psychiatrist who testified at involuntary commitment hearing was barred by quasi-judicial immunity); *Moses v. Parwatikar*, 813 F.2d 891, 892 (8th Cir. 1987), *cert. denied*, 108 S.Ct. 108 (1987) (same as to section 1983 claim against psychiatrist who found plaintiff incompetent to stand trial). All claims against these defendant should be summarily dismissed.

C.

Plaintiff asserts three discrete claims against Dallas police officers K. Wester and M. Mason -- the officers made racial slurs, threw his property in the trash, and arrested him without probable cause. (*See* Mag. J. Interrog. #2, 3). Threats, verbal taunts, insults, and even racially offensive language do not give rise to liability under 42 U.S.C. § 1983. *See Gaines v. Livingston*, No. 7-08-CV-122-O, 2010 WL 1063380 at *4 (N.D. Tex. Mar. 22, 2010) (citing cases), *appeal dism'd*, No. 10-10326 (5th Cir. Jul. 20, 2010). Similarly, the intentional deprivation of property does not give rise to a civil rights violation unless the plaintiff can show that state remedies are inadequate. *See Brooks v. George County, Miss.*, 84 F.3d 157, 165 (5th Cir.), *cert. denied*, 117 S.Ct. 359 (1996). Because Texas provides an adequate post-deprivation remedy by way of a common law cause of action for conversion, plaintiff cannot sue the officers for throwing away his property. *See Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994).

That leaves plaintiff's claim for false arrest. In his amended complaint and interrogatory answers, plaintiff alleges that Wester and Mason arrested him for criminal trespass, which "didn't happen." (*See* Plf. Compl. at 4, ¶ V; Mag. J. Interrog. #2, 3). The criminal trespass charge was dismissed on March 23, 2011. (*See* Mag. J. Interrog. #1). Without suggesting a view of whether

dismissal may be proper in a different procedural context, plaintiff has alleged enough facts to survive dismissal at this stage of the proceeding.

## RECOMMENDATION

Plaintiff should be allowed to prosecute his false arrest claim against Officer K. Wester and Officer M. Mason. His claims against the other defendants should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 24, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE