IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRENCE T. COLER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-3565-N-BD |
| | § | |
| DALLAS COUNTY SHERIFF'S | § | |
| DEPARTMENT, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Terrence T. Coler, a former inmate at the Dallas County Jail, against two Dallas police officers, his criminal defense lawyer, a state judge, and a court-appointed psychiatrist. After screening his complaint, the court allowed plaintiff to prosecute a false arrest claim against the two Dallas police officers -- Mark Mason and Kenneth Wester. (*See* Docs. #16, 51). Both defendants have appeared and filed motions for summary judgment. Before requiring plaintiff to file a summary judgment response, the court invited him to seek leave to conduct limited discovery. However, that order was returned to the clerk with the notation, "Return to Sender. Not Deliverable as Addressed. Unable to Forward." (*See* Doc. #52). At least four other mailings from the court to plaintiff have been returned with similar notations. (*See* Docs.

#32, 33, 36, 42). Because plaintiff has failed to provide the court with a current address, this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

II.

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Plaintiff was incarcerated in the Dallas County Jail when he filed this lawsuit in December 2011. When plaintiff was released from jail in February 2012, he did not provide the court with his current address.[1] However, through independent investigation, the court learned that plaintiff had notified the court in another case, *Coler v. Dallas Courts*, No. 3-12-CV-0364-M, that his new address was "The Bridge, 1818 Corsicana, Dallas, Texas 75215." The most recent order sent to plaintiff at that address was returned to the clerk with the notation, Return to Sender. Not Deliverable as Addressed. Unable to Forward" (*See* Doc. #52). Without a current address, neither

---

[1] The form civil rights complaint filed by plaintiff advises that "[i]t is your responsibility to inform the Court of any change of address and its effective date . . . Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure." (Plf. Compl. at 2).

the court nor opposing counsel can communicate with plaintiff. Dismissal is the only option available under the circumstances. *See Chieves v. Greyhound Bus Station*, No. 3-08-CV-2294-L, 2009 WL 464237 at *2 (N.D. Tex. Feb. 24, 2009) (dismissing *pro se* complaint for failure to provide court with current address); *Washington v. Dallas County*, No. 3-08-CV-1355-B, 2008 WL 4791870 at *1 (N.D. Tex. Oct. 30, 2008) (same).

## RECOMMENDATION

This case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 13, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE